OPINION OF THE COURT
Harold Tompkins, J.
Plaintiff seeks damages for defendants’ wrongful and malicious refusal to consent to plaintiff’s request to sublet her apartment.
Plaintiff submitted to the landlord, defendant Mailrock, Inc., a request to sublet her apartment in accordance with the requirements of subdivision 2 of section 226-b of the Real Property Law. Landlord then responded within the 10-day period set forth in subdivision 2 of section 226-b of the Real Property Law not to request further information but to set forth his “disapproval of any subleasing of this apartment other than my own choosing as a landlord and for other compelling reasons.”
Plaintiff then vacated the premises and the landlord entered into a prime lease with the plaintiff’s intended sublessee, Giuliano. The furnishings and alarm system belonging to plaintiff were sold to Giuliano at what plaintiff alleges was a “distress” price. Landlord returned plaintiff’s security deposit upon the execution of the lease with Giuliano.
Plaintiff claims that as a result of defendants’ willful and malicious refusal to consent to the subleasing of her apart *342 ment, which she alleges was motivated by defendants’ desire to relet the premises at a higher rent, she was forced to vacate the premises, could not obtain a replacement apartment at a comparable rent, was forced to live in New Jersey, contracted various illnesses and was forced to sell her belongings at a distress price.
Section 226-b of the Real Property Law has been interpreted to afford a tenant two remedies upon an unreasonable refusal by landlord to consent to a sublet. The tenant can either terminate the lease or sublet the apartment notwithstanding landlord’s refusal to consent (Conrad v Third Sutton Realty Co., 81 AD2d 50). Here, landlord’s refusal to consent was unreasonable since by setting forth no valid reason for refusal, landlord was deemed to have consented and plaintiff had the option of terminating the lease or subletting the apartment. (Sadka v Brevard Assoc., NYLJ, May 12, 1982, p 7, col 1.) She chose to terminate the lease by vacating the apartment and accepting return of her security.
Respondent having elected one of the remedies afforded by section 226-b of the Real Property Law cannot now sue to recover damages allegedly caused by her failure to pursue the other remedy available, the remedy of subletting the apartment notwithstanding landlord’s refusal to consent.
The motion to dismiss the complaint is granted.